**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

INDUSTRIAL RISK INSURERS and
NASH FINCH COMPANY,

    Plaintiffs,

vs.

D.C. TAYLOR COMPANY,

    Defendant.

No. 06-CV-171-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . *1*

*III. JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV. STANDARD FOR SUMMARY JUDGMENT* . . . . . . . . . . . . . . . . . . . *2*

*V.  SUMMARY JUDGMENT FACTS* . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*VI. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*VII. DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

*I. INTRODUCTION*

The matter before the court is Defendant D.C. Taylor Company's Motion for Summary Judgment ("Motion") (docket no. 15).

*II. RELEVANT PRIOR PROCEEDINGS*

On November 28, 2006, Plaintiffs Industrial Risk Insurers ("Industrial Risk") and Nash Finch Company ("Nash Finch") (collectively, "Plaintiffs") filed a three-count Complaint against Defendant D.C. Taylor Company ("D.C. Taylor"). Plaintiffs assert three causes of action against D.C. Taylor under the Iowa common law. In Count I,

Plaintiffs allege Negligence. In Count II, Plaintiffs allege Breach of Implied Warranties. In Count III, Plaintiffs allege Breach of Contract.

On February 1, 2007, D.C. Taylor filed an Answer, in which it denied Counts I and II of the Complaint. D.C. Taylor failed to answer Count III.

On September 12, 2007, D.C. Taylor filed the Motion. On October 31, 2007, Plaintiffs filed a Resistance. D.C. Taylor did not file a Reply. The Motion is fully submitted and ready for decision.

### III. JURISDICTION

Plaintiffs invoke this court's diversity subject matter jurisdiction, pursuant to 28 U.S.C. § 1332. There is complete diversity among the parties. Industrial Risk is an unincorporated association of member companies that have their principal places of business in Avon, Connecticut. Nash Finch is a Delaware corporation with its principal place of business in Minnesota. D.C. Taylor is an Iowa corporation with its principal place of business in Iowa. The amount in controversy exceeds $75,000. Therefore, the court is satisfied that it has subject matter jurisdiction over this matter.

### IV. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). A fact is material when it is a fact that "might affect the outcome of the suit under the governing law." *Id.* The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery,* 450 F.3d at 820 (citing *Drake ex rel. Cotton v. Koss,* 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears "the initial responsibility of informing the

district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see, e.g., Baum v. Helget Gas Prods., Inc.,* 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.,* 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## V. SUMMARY JUDGMENT FACTS

When the record is viewed in the light most favorable to Plaintiffs and Plaintiffs are afforded all reasonable inferences, the facts are these:[1]

Nash Finch owns a facility ("Facility") at 1201 Blairs Ferry Road NE, in Cedar Rapids, Iowa. At all relevant times, Industrial Risk insured the Facility pursuant to a policy.

Marty Pistulka is the Facility's Distribution Director. One of Pistulka's

---

[1] D.C. Taylor failed to respond to Plaintiffs' Statement of Additional Disputed Material Facts Precluding Summary Judgment (docket no. 18-3). Accordingly, the court deems all of the statements of material fact therein to be admitted. *See* LR 56.1.d. The court also deems the allegations within Count III to be admitted to the extent they are not expressly denied elsewhere in the Answer. *See* Fed. R. Civ. P. 8(d); *see, e.g., U.S. for Use of "Automatic" Sprinkler Corp. v. Merritt-Chapman & Scott Corp.*, 305 F.2d 121, 123 (3d Cir. 1962) (deeming allegations to be admitted for failure to completely answer a complaint).

responsibilities is to enter into contracts on behalf of Nash Finch with contractors.

In 2004, Nash Finch decided to hire a contractor to perform roofing work at the Facility. On March 16, 2004, D.C. Taylor, a local roofing contractor, proposed to furnish and install an approximately 10,000 square foot "roof membrane system" over the Facility's "Apple Room Roof Area" for $35,541.00. On June 3, 2004, Nash Finch accepted D.C. Taylor's proposal.

Pistulka and Michael Stickney, one of D.C. Taylor's authorized representatives, signed a one-page document entitled "Agreement Between Owner and Contractor" ("Agreement"). They placed their initials at the bottom of the Agreement. The Agreement recited the names of the parties, a summary of the work to be completed and the price. Although the Agreement references a "Page 2" that would contain a more detailed statement of the work to be performed, Pistulka does not recall receiving and did not read, sign or initial any other pages. Further, D.C. Taylor did not notify Nash Finch that Pistulka had failed to sign any other purported pages of the Agreement.

On August 9, 2004, D.C. Taylor began working on the roofing project at the Facility. On August 13, 2004, D.C. Taylor had exclusive control of the roof area on which it had agreed to perform its work. On August 13, 2004, a fire destroyed part of the Facility.

Nash Finch suffered approximately $600,000.00 in damages as a result of the fire. Industrial Risk paid Nash Finch over $350,000.00 under the terms and conditions of their insurance policy.

## VI. ANALYSIS

In the Motion, D.C. Taylor presents the court with evidence that the Agreement had *six* pages. D.C. Taylor's evidence tends to show that alleged five additional pages of the Agreement contained two additional provisions relevant here. First, the third page of the Agreement allegedly stated that "[a]ny claim against [D.C. Taylor] alleging any breach of

4

this contract or negligence by [D.C. Taylor] must be initiated no later than one (1) year after Contract Completion. . . . . Contract Completion shall be the date on which [D.C. Taylor's] work is finished, as distinguished from the date of [Nash Finch's] Acceptance thereof" ("One-Year Limitations Provision"). Answer (docket no. 7-2), at 3. Second, the fifth page of the Agreement allegedly disclaimed any implied warranties ("Implied Warranties Disclaimer"). *Id.* at 5. D.C. Taylor argues that the One-Year Limitations Provision and the Implied Warranties Disclaimer are valid defenses to the Complaint.

The court shall assume without deciding that the One-Year Limitations Provision and the Implied Warranties Disclaimer are valid defenses to the Complaint. *See, e.g., Nicodemus v. Milwaukee Mut. Ins. Co.*, 612 N.W.2d 785, 787 (Iowa 2000) ("[A] contractual limitations provision is enforceable if it is reasonable."); *Markman v. Hoefer*, 106 N.W.2d 118, 123 (Iowa 1960) ("In building and construction contracts, in the absence of an express agreement to the contrary, it is implied that the building will be erected in a reasonably good and workmanlike manner and will be reasonably fit for the intended purpose."). Nonetheless, the court must deny the Motion. The parties have a fundamental factual disagreement: there is conflicting evidence in the record as to how many pages comprised the parties' contract. At this early stage the proceedings, the court must view the facts in the light most favorable to Plaintiffs. Importantly, Pistulka testified that he does not recall receiving and did not read, sign or initial any other pages. Consistent with Pistulka's testimony, the alleged second through sixth pages of the Agreement do not contain Pistulka's initials; spaces for such initials were left blank. Further, D.C. Taylor did not notify Nash Finch that Pistulka had failed to sign any pages of the Agreement. Under such circumstances, summary judgment is clearly inappropriate. A jury must decide the scope of the parties' mutual assent, i.e., whether the parties agreed to one page or six pages of contract terms. *See Rick v. Sprague*, 706 N.W.2d 717, 724 (Iowa 2005) ("To be bound, the contracting parties must manifest a mutual assent to the terms of the

contract."); *see, e.g., Arocho-Mercado v. Oce N. Am., Inc.*, No. 05-1872(JAG), 2006 WL 1876544, *3 (D.P.R. July 3, 2006) ("[S]ince the resolution [of issues in the case] hinges on the Court making a credibility determination between the two conflicting versions of what was actually agreed upon by the parties, the Court must [deny the defendant's] Motion to Dismiss."); *Rodin Enters., Inc. v. U.S. Electricar Corp.*, No. 83-0290, 1986 WL 11261, *1 (E.D. Pa. Oct. 7, 1986) (denying summary judgment in part because there was "disagreement between the parties as to how many pages were in the original contract, which significantly imparts on the interpretation of the contract").

### *VII. DISPOSITION*

**IT IS THEREFORE ORDERED THAT** the Motion (docket no. 15) is **DENIED**.

**DATED** this 4th day of December, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA