IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| INDUSTRIAL RISK INSURERS, an unincorporated Association of member companies, and NASH FINCH COMPANY, a Delaware corporation, | |
| Plaintiffs, | No. C06-0171 |
| vs. | ORDER COMPELLING DISCOVERY |
| D.C. TAYLOR COMPANY, an Iowa Corporation, | |
| Defendant. | |

---

## TABLE OF CONTENTS

I.     INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   BACKGROUND INFORMATION. . . . . . . . . . . . . . . . . . . . . . . 2

IV.    DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
       A.    Was the Motion to Compel Timely Filed?. . . . . . . . . . . . . . 3
       B.    Did IRI "Confer" With Taylor Regarding the Motion to Compel?. . . . 6
       C.    Has Taylor Waived Any Objection by Failing to Timely Respond?. . . . 7
       D.    Are the Objections Meritorious?. . . . . . . . . . . . . . . . . . . 9
             1.    Are the Documents Requested in Number 6 Discoverable?. . . . 9
             2.    Are Taylor's Objections to Requests Numbers 20 and 21
                   Sufficiently Specific?. . . . . . . . . . . . . . . . . . . . 10

V.     SUMMARY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# I. INTRODUCTION

This matter comes before the Court on the Motion to Compel the Production of Documents (docket number 51) filed by Plaintiff Industrial Risk Insurers ("IRI") on May 1, 2008, the Resistance (docket number 57) filed by Defendant D.C. Taylor Company ("Taylor") on May 16, 2008, and the Reply (docket number 67) filed by IRI on May 23, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

# II. ISSUE PRESENTED

In its instant Motion to Compel, IRI requests that the Court enter an order compelling Taylor to respond to three disputed requests for production of documents. Specifically, IRI requests copies of all contracts entered into between Taylor and Plaintiff Nash Finch Company ("Nash Finch") during the five years preceding this incident (Request No. 6); a copy of all documents contained in the file of an adjusting company retained by Taylor's insurer (Request No. 20); and a copy of a personal file maintained by an individual who worked for the adjusting company (Request No. 21).

# III. BACKGROUND INFORMATION

On August 13, 2004, a fire occurred on property owned by Nash Finch, causing substantial damage. IRI provided casualty insurance coverage for the property and indemnified Nash Finch for a portion of the loss. At the time of the fire, Taylor was performing roof repairs on the building. On November 28, 2006, IRI and Nash Finch filed a Complaint (docket number 1) claiming that the fire was caused by Taylor's actions. A jury trial is scheduled before Chief Judge Linda R. Reade beginning on June 17, 2008.

On December 19, 2007, IRI served Taylor with its First Set of Requests for Production of Documents to Defendant (docket number 51-2). Among other things, IRI requested the following documents:

> Request No. 6: Copies of any and all contracts D.C. Taylor prepared for any work it bid to perform and/or performed at Nash Finch for the five (5) years preceding the incident.
>
> Request No. 20: A copy of all documents contained in the GAB Robbins [sic] file pertaining to its work on this fire loss,

2

including but not limited to statements, inventories, photos, work sheets, billing records, correspondence, video tape, audio recordings, e-mails, etc., and the work Orville Banasik did for Zurich Insurance Company under claim number 9700115028-001.[1]

Request No. 21: Copies of Orville Banasik personal file kept on this loss pertaining to the fire and Zurich claim number 9700115028-001.

On April 25, 2008, Taylor filed its responses (docket number 51-6) to the document requests. Regarding IRI's request for other contracts, Taylor objected, arguing that "this request is not reasonably calculated to lead to the discovery of admissible evidence." Regarding the request for the GAB file, Taylor objected, claiming that "it seeks materials protected by the attorney-client privilege, the work product doctrine, and/or a [sic] Federal Rule of Civil Procedure 26." An identical objection is made to the request for Banasik's personal file.[2]

## IV. DISCUSSION

### A. Was the Motion to Compel Timely Filed?

Initially, Taylor argues that the Motion to Compel Production was not timely filed. Local Rule 37.c provides as follows:

Motions to compel must be filed as soon as practicable. In any event, *except for good cause shown*, motions to compel must be filed within 14 days after the discovery deadline. (emphasis added)

_____

[1] In its Brief, IRI explains that "[b]y way of background, GAB Robins North America, Inc., is an adjusting company retained by Zurich Insurance, D.C. Taylor's insurer. Orville Banasik worked for GAB Robins and was at Nash Finch's damaged building just after the fire to assist in salvage operations on behalf of D.C. Taylor." Brief in Support of Motion to Compel Production of Documents (docket number 51-8) at 3 n.1.

[2] Indeed, the response to Request Number 21 actually objects to Request No. <u>20</u>.

In this case, the deadline for completion of discovery was extended to February 15, 2008.[3] Accordingly, the deadline for filing a motion to compel was February 29, 2008. The instant Motion was filed on May 1, 2008, some 62 days later.

IRI argues, however, that it has shown "good cause" for failing to file the Motion to Compel prior to the presumptive deadline. The Request for Production of Documents was served on December 19, 2007. Accordingly, Taylor's response was due not later than January 21, 2008.[4] Taylor did not file a timely response, however, and apparently counsel did not discuss the matter until the parties participated in mediation on April 17, 2008.[5]

Counsel disagree regarding the substance of the conversation at the mediation regarding this subject. Counsel for IRI declares under penalty of perjury that "[c]ounsel for D.C. Taylor acknowledged to the mediator and the attorneys present that he had failed to respond to IRI's request and would promptly produce, _inter alia_, contracts and/or bids between D.C. Taylor and Nash Finch for the five-year period preceding the fire as well

---

[3] There was some confusion in this case regarding the deadline for completion of discovery. Initially, a December 12, 2007, deadline was established for completion of discovery. _See_ Scheduling Order and Discovery Plan (docket number 11). The Court subsequently entered an Order continuing the trial from May 19, 2008, to June 16, 2008, however, and ordered that "[a]ll deadlines set in the previous trial scheduling order shall be calculated according to the new trial and final pretrial conference dates." _See_ Order (docket number 14). In a motion (docket number 34) filed on January 8, 2008, IRI asserted that the discovery deadline was January 15, 2007 [sic] and requested that it be extended to February 15, 2007 [sic]. Taylor had no objection and the Court entered an Order (docket number 35) extending the discovery deadline to February 15, 2008.

[4] "The party to whom the request is directed must respond in writing within 30 days after being served." FED. R. CIV. P. 34(b)(2)(A). An additional three days is added, however, pursuant to Local Rule 6.

[5] According to the Declaration of IRI's counsel filed in support of the instant Motion, "[a]t the parties' mediation, it was brought to the attention of counsel for D.C. Taylor that D.C. Taylor had not yet responded to IRI's December 2007 document requests." Declaration of Dale F. Weigand (docket number 51-7) ¶ 6 at 1.

as the GAB Robins File and the Banasik File."[6] Counsel for D.C. Taylor declares under penalty of perjury, however, that "[a]t the parties' mediation on April 17, 2008, I informed counsel for Plaintiffs that D.C. Taylor Company would provide responses to Plaintiff IRI's document requests. D.C. Taylor Company did, in fact, provide responses."[7]

The mediation was held on Thursday, April 17, 2008. On the following Monday, April 21, IRI's counsel sent an e-mail to Taylor's counsel, "follow[ing] up" on the prior discussions and indicating that "it is essential that we receive responses this week." *See* Exhibit B (docket number 51-3). When counsel did not receive an immediate response, he sent a second e-mail on Friday, April 25, asking "[a]re you going to produce the documents or should I go ahead and file the motion?" *See* Exhibit C (docket number 51-4). Counsel for Taylor responded immediately, indicating that "I'm mailing out my objections and responses today." *See* Exhibit D (docket number 51-5). IRI received Taylor's responses on Monday, April 28, and filed the instant Motion to Compel three days later, on May 1, 2008.

Both parties cite *Doctor John's, Inc. v. City of Sioux City, Iowa*, 2007 WL 5788 (N.D. Iowa 2007). There, the plaintiff filed a motion to compel discovery (disguised as a motion in limine) more than 11 months after the expiration of the discovery deadline. Citing the local rule, the Court concluded that "[n]o good cause has been shown for the delay in the filing on this motion." *Id.* at *3. The Court noted that the plaintiff received the defendant's privilege log several months before the expiration of the discovery deadline and "should have filed a motion to compel" then. *Id.*

Turning to the facts in the instant action, IRI served its Request for Production of Documents on December 19, 2007. It could have filed a motion to compel, after conferring with opposing counsel, when Taylor failed to respond by January 21, 2008.

---

[6] Declaration of Dale F. Weigand (docket number 51-7), ¶ 7 at 2.

[7] Declaration of Mark A. Roberts (docket number 57-2), ¶ 2 at 1.

Best practice would have called for a motion to compel to be filed by IRI prior to February 29, 2008, the deadline established by operation of Local Rule 37.c.

If Taylor had filed a timely response to the Request for Production of Documents and IRI had simply delayed in filing its Motion to Compel, then the "good cause" exception found in Local Rule 37.c would be lacking and the instant Motion would be untimely. In this case, however, Taylor did not respond to the Request for Production until IRI's counsel made multiple requests for Taylor to do so. Taylor eventually served its responses on April 25, 2008, some 95 days after it was required under the rules to do so. IRI promptly filed its instant Motion to Compel following receipt of Taylor's untimely responses. Under these circumstances, the Court concludes that the Motion to Compel is not untimely.[8]

### B. Did IRI "Confer" With Taylor Regarding the Motion to Compel?

Both FEDERAL RULE OF CIVIL PROCEDURE 37(a)(1) and Local Rule 37.a.1 require counsel to confer with opposing counsel prior to filing a motion to compel "in an attempt to resolve or narrow by agreement the issues raised by the motion." *See* Local Rule 37.a.1. As set forth above, counsel discussed at the mediation on April 17, 2008, Taylor's failure to respond to IRI's discovery requests. IRI's counsel followed up with an e-mail on April 21, 2008. Among other things, Taylor's counsel was advised as follows:

> As discussed, it is essential that we receive responses this week. If not, we will be left with little choice but to file a motion to compel. Please consider this our attempt to resolve this under Rule 37(a)(2).

*See* Exhibit B (docket number 51-3). In a second e-mail, sent on April 25, 2008, IRI's counsel inquired "[a]re you going to produce the documents or should I go ahead and file the motion?" *See* Exhibit C (docket number 51-4).

---

[8] In its Resistance, Taylor infers that IRI's Request for Production of Documents may have been untimely. *See* Resistance to Motion to Compel (docket number 57) at 3. That argument was not raised, however, when Taylor served his Response to the document request.

Taylor argues that after IRI received its responses, IRI did not confer with Taylor again prior to filing its instant Motion to Compel. As noted by IRI in its Reply, however, Local Rule 37.a.1 requires that counsel confer "with counsel for the opposing party in an attempt to resolve or narrow by agreement *the issues raised by the motion.*" Local Rule 37.a.1 (emphasis added). Counsel had previously discussed and exchanged e-mails regarding the issues raised by the Motion. After considering all of the circumstances in this case, the Court concludes that IRI has substantially complied with the requirements of FEDERAL RULE OF CIVIL PROCEDURE 37(a)(1) and Local Rule 37.a.1. Furthermore, based on Taylor's response to the Motion, it would appear that additional discussions would have been fruitless.

### C. Has Taylor Waived Any Objection by Failing to Timely Respond?

As previously noted, Taylor's response to IRI's Request for Production of Documents was due on January 21, 2008. Taylor failed to serve a response, however, until April 25, 2008, some 95 days later. IRI argues that Taylor has waived its right to object by failing to serve a timely response.

FEDERAL RULE OF CIVIL PROCEDURE 34 does not explicitly provide that a party waives an objection by failing to file a timely response to a request for production of documents.[9] *Id.* Both parties cite *Scaturro v. Warren & Sweat Mfg. Co., Inc.*, 160 F.R.D. 44 (M.D. Pa. 1995). There, the Court found that "if the responding party fails to make a timely objection, or fails to state the reason for an objection, he *may* be held to have waived any or all of his objections." *Id.* at 46 (citing 4A *Moore's Federal Practice*, § 34.05[2]) (emphasis in original). In *Scaturro*, it was "not clear from either defendant's responsive brief or plaintiffs' reply brief whether a response to the production request has been made." *Id.* The Court concluded that while the plaintiffs were entitled to an order compelling discovery, the defendant had not waived any objections.

_____

[9] *Compare*, FEDERAL RULE OF CIVIL PROCEDURE 33(b)(4) which provides, regarding responses to interrogatories, that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

In the present case, there is nothing in the briefs of the parties which would indicate conduct of the type for which defendant should be held to have waived objections. Rather, it appears that there has simply been an untimely response. Under these circumstances, at this point, the defendant should not be held to have waived any objections to the production requests.

*Id.*

Other courts have concluded that failing to file a timely objection to a document request constitutes a waiver of any objection.

If a party fails to file *timely* objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the request. "Any other result would completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences."

*Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (all citations omitted) (emphasis in original). *See also Henry v. National Housing Partnership*, 2007 WL 2746725 (N.D. Fla. 2007) (Finding that the law is "well settled" that a party's failure to file timely objections to a request for production of documents constitutes a waiver of the objections.).

Turning to the facts in the instant action, Taylor offers no explanation for its failure to serve a timely response to IRI's Request for Product of Documents. Rather, it simply argues that "there is no basis for any finding of bad faith on the part of D.C. Taylor Company." *See* Resistance (docket number 57) at 7. Taylor cites to the Court its ruling in *Rakes v. Life Investors Ins. Co. of America*, 2008 WL 429060 (N.D. Iowa 2008), where it stated that a "waiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *Id.* at *4 (citing *First Savings Bank, F.S.B. v. First Bank System, Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995)). In *Rakes*, however, the Court found that Defendant filed a timely privilege log which adequately described the nature of its objections.

Under the circumstances in the instant action, the Court concludes that Taylor has waived its objections to IRI's Request for Production of Documents. Taylor did not serve any response to the Request until 95 days after the deadline for doing so had expired, and after having been prodded several times by IRI for a response. Taylor offers no explanation or other mitigating circumstances which would justify such a delay. Under these circumstances, the Court concludes that Taylor has waived its right to object to the discovery requests.

## D. Are the Objections Meritorious?

As set forth above, the Court has concluded that Taylor's objections were untimely and, therefore, waived. For the reasons set forth below, however, the Court concludes that the objections also fail for other reasons.

### 1. Are the Documents Requested in Number 6 Discoverable?

While it is not entirely clear to the Court, it would appear that there is some dispute regarding whether the contract between Nash Finch and Taylor consisted of two pages or six pages. According to Taylor's Resistance, "[i]t is undisputed that Nash Finch did not initial the six pages." Resistance to Motion to Compel (docket number 57) at 8. Accordingly, in Request for Production No. 6, IRI seeks copies of all contracts between Taylor and Nash Finch for the five years preceding the fire. Apparently, IRI will argue at trial that "the 2004 Contract is an aberration when compared with the parties' established course of business," thereby establishing that Nash Finch did not agree to the terms set forth in the six-page version of the contract. *See* Brief in Support of Motion to Compel (docket number 51-8) at 6.

FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter than is relevant to any party's claim or defense." "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

"Relevant evidence need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

In this case, the parties apparently dispute whether Nash Finch agreed to a six-page contract or a two-page contract. While the Court has not been provided with copies of the contracts, that would appear to be a fact of consequence to the determination of the action. The Court concludes that the prior course of dealing between the parties regarding the formation of contracts is relevant. Even if it is later determined to be inadmissible at trial, the Court concludes that it is discoverable pursuant to Rule 26(b)(1).

### 2. Are Taylor's Objections to Requests Numbers 20 and 21 Sufficiently Specific?

In its Brief, IRI argues that Taylor failed to comply with the requirements of FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(A), which provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i)  expressly make the claim; and
> (ii)  describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5)(A).

In this case, Taylor expressly stated a claim of attorney-client privilege and protection under the work product doctrine, as required by Rule 26(b)(5)(A)(i), but completely ignored the requirement found in subparagraph (ii), which requires a description of the materials being withheld. IRI argues that Taylor's failure to provide a detailed privilege log violates the Rule and waives the privilege. In its Resistance to IRI's Motion to Compel, Taylor does not address IRI's argument in this regard.[10]

---

[10]  In its Brief, however, Taylor suggests that it is now "willing to provide a privilege log to opposing counsel." *See* Resistance to Motion to Compel (docket number
(continued...)

Even though this matter is before the Court on IRI's Motion to Compel the Production of Documents, Taylor, as the party asserting privilege as a bar to discovery, "must carry the initial burden of proving a factual basis establishing the applicability of the privilege." *St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.*, 197 F.R.D. 620, 627 (N.D. Iowa 2000). "The party asserting the privilege 'meets its burden of providing a factual basis for asserting the privileges when it produces a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its counsel." *Id.* at 628 (citing *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 925 (8th Cir.)).

IRI suspects that the GAB Robins file and the Banasik file contain information which was clearly not prepared in anticipation of litigation. Taylor's blanket assertion that the requested materials are protected by attorney-client privilege and the work product doctrine precludes, however, any meaningful assessment of the claim by opposing parties, as contemplated in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(A)(ii). Accordingly, the Court concludes that Taylor's objections to Requests for Production Numbers 20 and 21 fail to comply with Rule 26(b)(5)(A)(ii) and are, therefore, ineffective.

### V. SUMMARY

In summary, the Court concludes that IRI has shown good cause for failing to file the instant Motion to Compel within 14 days after the discovery deadline. In addition, the Court concludes that IRI substantially complied with the requirement to confer with opposing counsel pursuant to Local Rule 37.a.1. Taylor failed to file any response to IRI's Request for Production of Documents until 95 days after the deadline had expired and, therefore, waived his right to object to the discovery requests. In any event, the Court finds that the objections were ineffective. Therefore, the Court concludes that the Motion to Compel should be granted.

---

[10](...continued)
57) at 10.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Compel the Production of Documents (docket number 51) filed by Plaintiff Industrial Risk Insurers is hereby **GRANTED**. Not later than seven (7) days following the entry of this Order, D.C. Taylor Company shall provide Industrial Risk Insurers with copies of the documents described in Request for Production Numbers 6, 20, and 21.

DATED this 28th day of May, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA